Charles A. Loreto, J.
Petitioner moves to compel respondent to comply forthwith with the duty enjoined upon him by section 75 of the Civil Service Law of the State of New York.
Respondent cross-moves for an order dismissing the petition upon the ground that it appears on the face thereof that it does not state facts sufficient to entitle the petitioner to any relief and also under section 1286 of the Givil Practice Act on the ground that its maintenance is time barred.
It is alleged in the petition that the petitioner is an honorably discharged veteran of World War II with the rank of Colonel. He attained his position as Compensation Medical Director of the New York State Workmen’s Compensation Board in the exempt classification on November 18, 1946 and served therein until he was dismissed on June 17, 1959, The position was not abolished, and has been refilled. No charges were at any time preferred against him nor was a hearing held on charges, as required by the provisions of section 75 of the New York State Civil Service Law in cases of civil service employees who are honorably discharged veterans. A demand was made on April 1, 1960 that the petitioner be informed of the charges and that he be granted a hearing on stated charges. That demand has been unanswered.
Petitioner ’s attorneys state that this proceeding comes within the second part of section 1286 of the Civil Practice Act, which provides: “A proceeding under this article to review a determination or to compel performance of a duty specifically enjoined by law, must be instituted by service of the petition and accompanying papers * * * within four months after the determination to be reviewed becomes final and binding * * * or after the respondent’s refusal, upon demand of the petitioner or the person whom he represents, to perform his duty, as the case may be ”.
The point made is that two types of proceedings are contemplated by the act: first, a proceeding to review a final determination which must be instituted within four months after the determination to be reviewed becomes final and binding; and second, a proceeding to compel the performance of a duty specifically imposed by law, which must be instituted within four months after respondent’s refusal upon demand of petitioner to perform his duty.
Recognizing that he is 'barred under the first part of the statute, petitioner’s attorneys claim that the relief sought is under the second part for a mandamus commanding the performance of a duty imposed upon respondent, that the duty is continuing, *335 and- that the. time for the, commencement, of a proceeding thereunder is calculated from the time of the demand.-
The- respondent argues- that there was such a lapse- of time between the- date of dismissal, June 17, 1959, and the date, of demand, April 1, I960, that the petitioner should he, deemed to have- waived his right and should now be barred on the ground of laches. The contention is based upon the claimed fact that petitioner knew for more than nine months that the respondent had taken action to. discharge the petitioner before the laftW had taken any action whatever to. commence, this proceeding based on the service, of the demand.
Petitioner was under a duty to act with reasonable diligence in making his demand. The answer of respondent dated June 25> 1959' in response to petitioner’s' letter dated June 24), 1959, indicates: that respondent- had taken- a- final- and nonyielding position in the matter. It is clear that respondent had no intention of rescinding his determination-, a replacement having been approved the- day after the discharge. Neither, the. fruitless telephone calls and letters of petitioner and his attorneys afford a justifiable basis for extending unduly the. time for making demand. As in Matter af Amsterdam City Hosp. v. Hoffman (278 App. Div. 292.) petitioner, knowing that his rights were adversely affected by the discharge, was prima facie, chargeable with unreasonable delay in making, bis demand nine, months later and presents ‘ ‘ a case of laches wholly unrelieved by any good excuse ”. Nor does he present a situation- of possible exception intimated in that decision.
Applicable- is the holding in. Austin v. Board of Higher Educ. of the City of N. Y. (5 N Y 2d 430, 442.) to- the effect that an aggrieved party may not. extend the. required- time, to take action indefinitely by delay in making his. demand.
In this, case the court concludes that the petitioner must be charged with laches.
Therefore,, the cross motion is granted and. the petition is dismissed. Settle order.