■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED C. TAYLOR, Appellant.— Judgment and the order entered following hearing as to voluntariness of statements made by defendant as ordered by this court (24 A D 2d 553), unanimously affirmed. (Appeal from judgment of Monroe County Court convicting defendant of murder, first degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ In the Matter of PAUL P. MASCETTE, Petitioner, v. VILLAGE OF SOLVAY, Respondent.— Determination of respondent of April 18, 1962 unanimously annulled, petition verified July 19, 1962 unanimously dismissed, order of Onondaga County Supreme Court entered November 1, 1961 unanimously reversed and petition verified October 2, 1961 unanimously dismissed. All without costs to any party. Memorandum: On November 7, 1960 petitioner was a laborer employed in respondent's Highway Department. The basic issue presented herein is whether on that date he was discharged or, as respondent contends, sent home for the afternoon as a disciplinary act. Petitioner contends that inasmuch as he was discharged and was a veteran he was entitled to a hearing upon stated charges as mandated by section 75 of the Civil Service Law. It appears from the original petition, however, that no action was taken until nearly a year later when on October 2, 1961 the original petition herein was verified. The answer of respondent raised the defense that the proceeding had not been commenced within four months as required by the then provisions of sections 1286 and 1293 of Civil Practice Act. This was a valid defense and Special Term should have dismissed the petition. (Matter of Weeden v. Senior, 24 Misc 2d 333, affd. 12 A D 2d 906; see, also, Matter of McDermott v. Johnson, 2 N Y 2d 608.) Instead Special Term directed that respondent hold "a hearing pursuant to and in compliance with section 75 of the Civil Service Law" concerning petitioner's rights to employment. If the proceeding had been timely commenced this was a factual issue that Special Term should have decided. The only hearing contemplated by section 75 of Civil Service Law is one held after charges have been filed. This basic error infected the remainder of the proceedings. The Village Board appointed a "hearing officer" who conducted lengthy hearings commencing in November, 1961. Its purpose was to determine whether petitioner quit or was discharged. The record before us contains no findings or decision of the hearing officer. There is a letter to petitioner from the Village Clerk from which it may be inferred that some kind of a decision was made. In this posture of the case the determination of respondent would have to be annulled and the matter remitted to Special Term to decide the basic factual issue. The proceeding, however, not having been timely commenced must be dismissed. (Review of determination of respondent dismissing petitioner.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.